Nos. 2016-1670, -1673

## United States Court Of Appeals
### for the Federal Circuit

VMWARE, INC., INTERNATIONAL BUSINESS MACHINES
CORPORATION and ORACLE AMERICA, INC.
*Appellants*,

v.

ELECTRONICS AND TELECOMMUNICATIONS RESEARCH
INSTITUTE,
*Appellee*,

APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE BEFORE THE
PATENT TRIAL AND APPEAL BOARD IN CASE NOS. IPR2014-00901, AND -00949

ADMINISTRATIVE PATENT JUDGES BRIAN J. MCNAMARA, MIRIAM L. QUINN, AND
GREGG I. ANDERSON

## APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF

Appellants respectfully request a 30-day extension of time, to June 8, 2016, to file their opening brief. Appellants' opening brief is presently due May 9, 2016. Appellants have not previously requested or received any extensions of time.

Appellee does not oppose a two-week extension (May 23, 2016). But Appellee does oppose an extension until June 8, 2016, because it is purportedly

anxious to have the present appeals completed as soon as possible in light of related litigations that are stayed pending the outcome of the appeals. *See* Exhibit A, attached.

There is good cause to grant the requested extension. The present appeals involve three separate Appellants represented by two law firms (planning to file a common brief). VMware is represented by Fish & Richardson P.C.; IBM and Oracle are represented by Kirkland & Ellis LLP. The Court consolidated the present appeals, ordering that the "one set of briefs should be filed for the two appeals." Dkt. 2. Appellants seek a 30-day extension to allow sufficient time for coordination between the two law firms and the three separate Appellant companies in preparing the single opening brief. Further, Appellants seek the extension to accommodate their attorneys' deadlines pending in this Court and others that fall or fell, and/or require or required, work during the time currently permitted to prepare the opening brief. For example, Appellants' lead counsel have at least the following obligations during the relevant time period:

John Dragseth:

- I have at least seven opening briefs (in addition to the brief in this case) due in the near future with the Court:

- o     I am preparing opening briefs for appeals from three different IPR decisions for one client—which I am anticipating requiring separate briefing for each matter;

- o     I am preparing opening briefs for appeals from three separate IPR decisions for a matter where Fish & Richardson was not involved in the representation before the PTO.  I anticipate that the preparation of this briefing will require additional time on this basis.  The appeals may or may not be consolidated by the court;

- o     I will have overlapping work preparing a responsive brief in an appeal from an *inter partes* reexamination that is pending at the Court;

- I am awaiting a decision on a rehearing petition and a Supreme Court appeal that may require additional work when they issue in the near future;

- I am supervising a full prosecution docket and also supervising a number of post-grant proceedings before the USPTO; and

- I have a long-planned family vacation in June that will require this work to be compressed into a smaller time period.

John O'Quinn:

- Post-trial briefing due April 28, 2016, to the U.S. District Court for the Eastern District of Texas in *VirnetX v. Apple*, No. 12-CV-85;

3

- Appellant's brief, filed in this Court on April 25, 2016, in *Trading Techs. Int'l, Inc. v. CQG, Inc.*, No. 16-1616;

- Appellee's brief, filed in this Court on April 27, 2016 (after an extension), in *Medtronic v. NuVasive*, No. 15-1838;

- Appellee's brief, filed in this Court on April 27, 2016 (after an extension), in *Medtronic v. NuVasive*, Nos. 15-1839 and 15-1840 (consolidated);

- Appellee's brief, filed in this Court on April 27, 2016 (after an extension), in *Medtronic v. NuVasive*, No. 15-1841;

- Appellee's brief, filed in this Court on April 27, 2016 (after an extension), in *Medtronic v. NuVasive*, Nos. 15-1842 and -1843 (consolidated);

- Preparing for and presenting oral argument in this Court on May 2, 2016, in *Norred v. Medtronic*, Nos. 15-1731, 15-1874 and 16-1031 (consolidated); and

- Reply to Brief in Opposition, due May 17, 2016, to the Supreme Court of the United States in *WesternGeco LLC v. ION Geophysical Corp.*, No. 15-1085.

Appellee would not be prejudiced by this request as the requested extra time in dispute is very short—only an extra 16 days over the unopposed two week extension. Additionally, Appellee's connection to the stayed district court actions is

4

believed to be through some type of relationship with plaintiff Safe Storage LLC—

a non-practicing entity that would not be prejudiced by continuing a stay of the

underlying litigations.    The District of Delaware court that is presiding over the

stayed litigations, previously held that:

> Safe Storage has not established that a continued stay would
> cause undue prejudice or tactical disadvantage. As a non-
> practicing entity, the plaintiff faces no risk of a competitive
> disadvantage or eroded market share. A continued delay will not
> impede its ability to collect damages if it ultimately prevails in
> its claims.

*See* Exhibit B at 5 fn 1.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court

extend the deadline for Appellants' opening brief to the opposed date of June 8,

2016.  In the alternative, Appellants respectfully request that the Court extend the

deadline for Appellants' opening brief to the unopposed date of May 23, 2016.


Date: April 28, 2016                    Respectfully submitted,

/s/ *Michael R. Rueckheim*
Katherine Kelly Lutton
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 90463
Tel. (650) 839-5070
E-mail: lutton@fr.com

John A. Dragseth
Fish & Richardson P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel. (612) 335-5070
E-mail: dragseth@fr.com

Michael R. Rueckheim
Fish & Richardson P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Tel. (713) 654-5300
E-mail: rueckheim@fr.com

ATTORNEYS FOR APPELLANT,
VMware, Inc.

/s/ *John C. O'Quinn*
John C. O'Quinn
William H. Burgess
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Tel: (202) 879-5000
john.oquinn@kirkland.com
william.burgess@kirkland.com

Todd M. Friedman
Benjamin A. Lasky
Kirkland & Ellis LLP
601 Lexington Avenue
New York, N.Y. 10022
Tel: (212) 446-4800
todd.friedman@kirkland.com
benjamin.lasky@kirkland.com

6

ATTORNEYS FOR
APPELLANTS,
International Business
Machines Corporation and
Oracle America, Inc.

**DECLARATION OF JOHN DRAGSETH IN SUPPORT OF APPELLANTS'
MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF**

I, John A. Dragseth, declare:

1.      I am an attorney duly licensed and admitted to practice before this
Court and a principal in the Twin Cities office of the law firm Fish & Richardson
P.C.   I am counsel for Appellant VMware, Inc. in this appeal.   My practice
comprises mainly appeals, patent preparation and prosecution, and post-grant
activities and client counseling related to patent matters.

2.      I have personal knowledge of the facts hereafter stated, and if called
and sworn as a witness, could testify competently thereto.   I make this declaration
in support of Appellants' motion to extension of time to file their opening brief.

3.      Good cause exists for Appellants' motion.   Preparing Appellants'
opening brief is anticipated to take longer than in the normal case as it requires the
coordination of multiple parties and two separate law firms.

4.      Good cause also exists for Appellants' motion because Appellants
seek this extension to accommodate their attorney deadlines in pending cases in
this Court and others.   I have at least the following obligations during the relevant
time:

- I have at least seven opening briefs (in addition to the brief in this case) due
  in the near future with the Court:

8

- o  I am preparing opening briefs for appeals from three different IPR decisions for one client—which I am anticipating requiring separate briefing for each matter;

- o  I am preparing opening briefs for appeals from three separate IPR decisions for a matter where Fish & Richardson was not involved in the representation before the PTO.  I anticipate that the preparation of this briefing will require additional time on this basis.  The appeals may or may not be consolidated by the court;

- o  I will have overlapping work preparing a responsive brief in an appeal from an *inter partes* reexamination that is pending at the Court;

- I am awaiting decision on a rehearing petition and a Supreme Court appeal that may require additional work when they issue in the near future;

- I am supervising a full prosecution docket and also supervising a number of post-grant proceedings before the USPTO; and

- I have a long-planned family vacation in June that will require this work to be compressed into a smaller time period.

I declare under penalty of perjury under 28 U.S.C. §1746 that the foregoing is true and correct.  Executed on April 28, 2016, at Chicago, Illinois.

/s/ *John A. Dragseth*
John A. Dragseth
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone:  (612) 335-5070
Facsimile:   (612) 288-9696

## DECLARATION OF JOHN O'QUINN IN SUPPORT OF APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF

I, John O'Quinn, declare:

1.     I am an attorney duly licensed and admitted to practice before this Court and a partner in the Washington, D.C. office of the law firm Kirkland & Ellis LLP.   I am counsel for Appellants International Business Machines Corporation and Oracle America, Inc. in this appeal.  My practice comprises mainly complex litigation matters at the trial and appellate levels.

2.     I have personal knowledge of the facts hereafter stated, and if called and sworn as a witness, could testify competently thereto.  I make this declaration in support of Appellants' motion to extension of time to file their opening brief.

3.     Good cause exists for Appellants' motion.  Preparing Appellants' opening brief is anticipated to take longer than in the normal case as it requires the coordination of multiple parties and two separate law firms.

4.     Good cause also exists for Appellants' motion because Appellants seek this extension to accommodate their attorney deadlines in pending cases in this Court and others.  I have at least the following obligations during the relevant time:

- Post-trial briefing due April 28, 2016, to the U.S. District Court for the Eastern District of Texas in *VirnetX v. Apple*, No. 12-CV-85;

11

- Appellant's brief, filed in this Court on April 25, 2016, in *Trading Techs. Int'l, Inc. v. CQG, Inc.*, No. 16-1616;

- Appellee's brief, filed in this Court on April 27, 2016 (after an extension), in *Medtronic v. NuVasive*, No. 15-1838;

- Appellee's brief, filed in this Court on April 27, 2016 (after an extension), in *Medtronic v. NuVasive*, Nos. 15-1839 and 15-1840 (consolidated);

- Appellee's brief, filed in this Court on April 27, 2016 (after an extension), in *Medtronic v. NuVasive*, No. 15-1841;

- Appellee's brief, filed in this Court on April 27, 2016 (after an extension), in *Medtronic v. NuVasive*, Nos. 15-1842 and -1843 (consolidated);

- Preparing for and presenting oral argument in this Court on May 2, 2016, in *Norred v. Medtronic*, Nos. 15-1731, 15-1874 and 16-1031 (consolidated); and

- Reply to Brief in Opposition, due May 17, 2016, to the Supreme Court of the United States in *WesternGeco LLC v. ION Geophysical Corp.*, No. 15-1085.

I declare under penalty of perjury under 28 U.S.C. §1746 that the foregoing is true and correct.  Executed on April 28, 2016, at Chicago, Illinois.

/s/ *John C. O'Quinn*
John C. O'Quinn
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Tel: (202) 879-5000
john.oquinn@kirkland.com

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Appellant VMware, Inc. certifies the following:

1.      The full name of every party or amicus represented by me is: VMware, Inc.

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:  VMware, Inc.

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are: The parent corporation of VMware is EMC Corporation, which owns more than 10% of VMware's stock. No other publicly held corporation other than EMC Corporation owns more than 10% of VMware's stock.

4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Katherine K. Lutton, Timothy W. Riffe, John A. Dragseth, Leeron G. Kalay and Michael R. Rueckheim of Fish & Richardson P.C.


Dated: April 28, 2016             /s/_Michael R. Rueckheim
                                  Michael R. Rueckheim
                                  Fish & Richardson P.C.
                                  1221 McKinney Street, Suite 2800
                                  Houston, TX 77010
                                  Tel. (713) 654-5300
                                  E-mail: rueckheim@fr.com

## CERTIFICATE OF INTEREST

Counsel for the Appellants International Business Machines Corporation and Oracle America, Inc. certifies the following:

1. The full name of every party or amicus represented by me is: International Business Machines Corporation and Oracle America, Inc.

2. The name of the real party in interest (Please only include any real part in interest NOT identified in Question 3. below) represented by me is: International Business Machines Corporation and Oracle America, Inc. are the real parties in interest.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   International Business Machines Corporation has no parent corporation or other company that holds 10% or more of its stock.  Oracle Corporation is the parent of Oracle America, Inc.  No other corporation or publicly held company is the parent or owns 10 percent or more of the stock of either Oracle Corporation or Oracle America, Inc.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

John C. O'Quinn, Todd M. Friedman, Benjamin A. Lasky, William H.

Burgess, Eugene Goryunov, Steven T. Skelley, all of Kirkland & Ellis LLP

Dated: April 28, 2016

/s/ *John C. O'Quinn*
John C. O'Quinn
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Tel: (202) 879-5000
john.oquinn@kirkland.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2016, a true and correct copy of the

**APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE OPENING**

**BRIEF** was timely filed with the Clerk of Court using the appellate CM/ECF

system, which will send notifications to all counsel registered to receive electronic

notices.

DATE:  April 28, 2016                    /s/ *Michael R. Rueckheim*
                                          Michael R. Rueckheim
                                          Fish & Richardson P.C.
                                          1221 McKinney Street, Suite 2800
                                          Houston, TX 77010
                                          Tel. (713) 654-5300
                                          E-mail: rueckheim@fr.com

Exhibit A

| From: | Matt Phillips <matthew.phillips@renaissanceiplaw.com> |
|---|---|
| Sent: | Monday, April 25, 2016 8:56 PM |
| To: | Michael Rueckheim |
| Cc: | blasky@kirkland.com; derek.meeker@renaissanceiplaw.com; Matt Phillips |
| Subject: | RE: VMware, IBM, Oracle v. ETRI IPR appeal |

Mike,

My client will indeed agree not to oppose a 2-week extension of time.  I'm sorry that they are not willing to consent to a longer extension.  I personally try to be extremely accommodating in these matters but the litigation stay and the fact that this will likely be the last appeal before the stay can be lifted has my client a bit anxious to get this appeal done.  I hope that 2 weeks gives you the time you want to coordinate; it seems like it should.

--Matt

**From:** Michael Rueckheim [mailto:Rueckheim@fr.com]
**Sent:** Sunday, April 24, 2016 7:10 PM
**To:** Matt Phillips
**Cc:** blasky@kirkland.com; derek.meeker@renaissanceiplaw.com
**Subject:** RE: VMware, IBM, Oracle v. ETRI IPR appeal


Thanks Matt, I look forward to your response.  If it helps, we want the extra time primarily because coordination between two law firms and three separate clients takes time, particularly where we are working towards ensuring that the positions are aligned on our side (amongst all the clients) in order to make sure that your side will only need to respond to a single brief.

-Mike

**Michael Rueckheim :: Principal ::** Fish & Richardson P.C.
1221 McKinney Street Suite 2800, Houston, TX 77010
713 654 5343 direct :: 713 652 0109 fax :: rueckheim@fr.com
fr.com :: Bio :: LinkedIn :: Twitter

**From:** Matt Phillips [mailto:matthew.phillips@renaissanceiplaw.com]
**Sent:** Friday, April 22, 2016 10:07 AM
**To:** Michael Rueckheim <Rueckheim@fr.com>
**Cc:** blasky@kirkland.com; derek.meeker@renaissanceiplaw.com; Matt Phillips <matthew.phillips@renaissanceiplaw.com>
**Subject:** RE: VMware, IBM, Oracle v. ETRI IPR appeal

Mike,

I will ask my client, and I should have an answer for you early next week.  As I mentioned before, the stay in the district court and that fact that this is the last appeal that we will be waiting to resolve make my client extremely reluctant to agree to any extension, but I'm pretty sure I can convince them to agree to a 2-week stay.  If two weeks is not enough

additional time to coordinate with Ben and his clients, can you help me better understand why, as I will need to explain that to my client.

--Matt

Matthew C. Phillips, Partner
**Renaissance IP Law Group LLP**
7327 SW Barnes Road #521, Portland, Oregon 97225
MAIN: 503-419-6425 * FAX: 503-517-9199 * DIRECT: 503-964-1129
matthew.phillips@renaissanceiplaw.com

---

**From:** Michael Rueckheim [mailto:Rueckheim@fr.com]
**Sent:** Thursday, April 21, 2016 5:38 PM
**To:** Matt Phillips
**Cc:** 'blasky@kirkland.com' (blasky@kirkland.com)
**Subject:** VMware, IBM, Oracle v. ETRI IPR appeal

Matt,

I am following up on our last conversation regarding an extension for VMware, IBM and Oracle's opening brief in the ETRI IPR appeal.  I have had a chance to touch base with counsel for IBM and Oracle (cc'ed) and with VMware.  We would like to request a 30 day extension for our opening appeal brief in order to give us sufficient time to work with the multiple parties and prepare a single brief.  Please let us know if ETRI would oppose this request.

Thank you,
-Mike

**Michael Rueckheim ::** Principal **::** Fish & Richardson P.C.
1221 McKinney Street Suite 2800, Houston, TX 77010
713 654 5343 direct **::** 713 652 0109 fax **::** rueckheim@fr.com
fr.com **::** Bio **::** LinkedIn **::** Twitter

```
************************************************************************************************
***************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
************************************************************************************************
***************************
```

```
************************************************************************************************
***************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
************************************************************************************************
***************************
```

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAFE STORAGE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-1624-GMS |
| | ) |
| DELL INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| SAFE STORAGE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-1625-GMS |
| | ) |
| DOT HILL SYSTEMS CORP., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| SAFE STORAGE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-1626-GMS |
| | ) |
| HEWLETT-PACKARD COMPANY and | ) |
| 3PAR, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| SAFE STORAGE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-1627-GMS |
| | ) |
| HITACHI DATA SYSTEMS | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

| | |
|---|---|
| SAFE STORAGE LLC, )<br><br>        Plaintiff, )<br><br>    v. )<br><br>NETAPP, INC., )<br><br>        Defendant. ) | Civil Action No. 12-1628-GMS |
| SAFE STORAGE LLC, )<br><br>        Plaintiff, )<br><br>    v. )<br><br>SILICON GRAPHICS INTERNATIONAL )<br>CORP., )<br><br>        Defendant. ) | Civil Action No. 12-1629-GMS |
| SAFE STORAGE LLC, )<br><br>        Plaintiff, )<br><br>    v. )<br><br>CISCO SYSTEMS, INC., )<br><br>        Defendant. ) | Civil Action No. 13-926-GMS |
| SAFE STORAGE LLC, )<br><br>        Plaintiff, )<br><br>    v. )<br><br>VMWARE INC., )<br><br>        Defendant. ) | Civil Action No. 13-928-GMS |

SAFE STORAGE LLC,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )       Civil Action No.  13-929-GMS
                                     )
INFORTREND CORPORATION,              )
                                     )
          Defendant.                 )
                                     )

SAFE STORAGE LLC,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )       Civil Action No.  13-931-GMS
                                     )
NEXSAN CORPORATION,                  )
                                     )
          Defendant.                 )
                                     )

SAFE STORAGE LLC,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )       Civil Action No.  13-932-GMS
                                     )
OVERLAND STORAGE, INC.,              )
                                     )
          Defendant.                 )
                                     )

SAFE STORAGE LLC,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )       Civil Action No.  13-1089-GMS
                                     )
ORACLE AMERICA, INC.,                )
                                     )
          Defendant.                 )
                                     )

| | | |
|---|---|---|
| SAFE STORAGE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1090-GMS |
| | ) | |
| ATTO TECHNOLOGY, INC., HUAWEI | ) | |
| TECHNOLOGIES CO., LTD., HUAWEI | ) | |
| TECHNOLOGIES USA INC. and HUAWEI | ) | |
| ENTERPRISE USA INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SAFE STORAGE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1150-GMS |
| | ) | |
| EMULEX CORPORATION (OF | ) | |
| DELAWARE) and EMULEX | ) | |
| CORPORATION (OF CALIFORNIA), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SAFE STORAGE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1151-GMS |
| | ) | |
| INTERNATIONAL BUSINESS MACHINES | ) | |
| CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

WHEREAS, on January 22, 2015 the court stayed the above-captioned cases pending resolution of six petitions for *inter partes* review ("IPR") by the Patent Trial and Appeal Board ("PTAB") of U.S. Patent No. 6,978,346 ("the '346 Patent");

WHEREAS, the PTAB has issued two Final Written Decisions affirming the patentability of all claims in petition IPR 2013-00635 and consolidated petitions IPR 2014-00901 and IPR 2014-00949, and the relevant defendants have filed or intend to file appeals to the Federal Circuit on the basis of the PTAB's construction of the term "RAID";

WHEREAS, presently before the court is the plaintiff's Motion to Lift Stay Following *Inter Partes* Review;

WHEREAS, the court having considered the parties' positions as set forth in their papers, as well as the applicable law;

IT IS HEREBY ORDERED THAT:

1. The plaintiff's Motion to Lift Stay is DENIED;[1]

---

[1] The same principles that applied to the original grant of a stay apply to the court's decision today. It is well established that the decision to stay an action lies within the sound discretion of the trial court. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988); *Cost Bros. Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *First Am. Title Ins. Co. v. MacLaren, L.L.C.*, No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012). Central to the rationale providing for such discretion is that of the "court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros. Inc.*, 760 F.2d at 60-61 (citation omitted); *see also Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir. 1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

In determining whether a stay is appropriate, the court is tasked with assessing the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *First Am. Title Ins. Co.*, 2012 WL 769601, at *4 (quoting *Xerox Corp. v. 3 Comm. Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

None of these factors weigh in favor of lifting the stay at this time. First, Safe Storage has not established that a continued stay would cause *undue* prejudice or tactical disadvantage. As a non-practicing entity, the plaintiff faces no risk of a competitive disadvantage or eroded market share. A continued delay will not impede its ability to collect damages if it ultimately prevails in its claims. Statistically, the Federal Circuit likely will rule on the appeals by the end of this year. (D.I. 40 at 14.) Second, the Federal Circuit's final adjudication on the IPR appeals will simplify the issues for trial, as the Federal Circuit may reverse the PTAB on some or all of the claims. Finally, the early stage of litigation favors entering a stay.

2.  Each of the above-captioned cases are STAYED pending resolution of the *inter partes* review of U.S. Patent No. 6,978,346.

Dated: March  1/ , 2016

_____
UNITED STATES DISTRICT JUDGE

2